UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ELBERT LEE VAUGHT, IV,

Petitioner,

v.

KATHLEEN ALLISON, Secretary,

Respondent.

Case No.:  3:21-cv-0408-CAB-AGS

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

**(ECF No. 9)**

## I.    INTRODUCTION

On March 5, 2021, Petitioner Elbert Lee Vaught, IV ("Petitioner" or "Vaught"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2019 denial of parole by the California Board of Parole Hearings' (BPH) and his continued incarceration. Pet, ECF No. 1 at 1. Respondent has filed a Motion to Dismiss the Petition. ECF No. 9. The Court has reviewed the Petition, the Motion to Dismiss, the Opposition to the Motion to Dismiss (ECF No. 10), the relevant documents filed in this case, and the legal arguments presented by both parties. For the reasons discussed below, the Court **DENIES** the motion to dismiss.

/ / /

/ / /

## II.   PROCEDURAL BACKGROUND

### A.   Vaught's Original Conviction and State Court Proceedings

In 1996, Vaught was convicted of burglary and receiving stolen property. *See* Pet., ECF No. 1, Ex. A at 17. Petitioner also admitted to suffering six prior strike convictions. *Id.* Under California's Three Strikes Law, Vaught was sentenced to an indeterminate sentence of 25 years to life for the burglary, plus a five-year enhancement for suffering a prior serious felony. *See id.* Vaught's conviction and sentence were affirmed on direct appeal in 1998. *See id.*

### B.   Passage of Proposition 57

In 2016, California voters passed Proposition 57 which amended the California Constitution, and modified the eligibility for early parole consideration by adding Article I, Section 32 to the California Constitution. *See Jones v. Allison*, 9 F.4th – , 2021 WL 3700345 at *4 (9th Cir. Aug. 20, 2021). Under section 32(a)(1), "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." Cal. Const., art. I, § 32(a)(1). For purposes of section 32(a)(1), "the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." *Id.* The California Department of Corrections ("CDCR") was directed to "adopt regulations in furtherance of these provisions, and the Secretary of [CDCR] shall certify that these regulations protect and enhance public safety." Cal. Const., art. I, § 32(b); *see also In re Gadlin*, 31 Cal. App. 5th 784, 788 (Ct. App. 2019).

In 2017 and 2018, the CDCR promulgated regulations defining a nonviolent offender as an inmate "who is not (1) condemned, incarcerated for a term of life without the possibility of parole, or incarcerated for a term of life with the possibility of parole; (2) serving a term of incarceration for a violent felony within the meaning of Penal Code section 667.5, subdivision (c); or (3) '[c]onvicted of a sexual offense that requires registration as a sex offender under Penal Code section 290." *Alliance for Constitutional*

1  *Sex Offense Laws v. Dep't of Corr. & Rehab.*, 258 Cal. Rptr. 3d 498, 501 (Ct. App.

2  2020). Thus, the CDCR regulations "initially excluded from early parole consideration

3  nonviolent felony offenders sentenced to indeterminate sentences under California's

4  Three Strikes Law." *See Jones*, 9 F.4th —, 2021 WL 3700345 at *6.

5        In May 2018, the California Court of Appeal held that the CDCR regulations were

6  inconsistent with Section 32 to the extent they excluded nonviolent offenders who were

7  sentenced to indeterminate life sentences. *Id.* at *2 (citing *In re Edwards*, 237 Cal. Rptr.

8  3d 673, 682 (Ct. App. 2018)). In *Edwards*, the court stated that the CDCR's "adopted

9  regulations impermissibly circumscribe[d] eligibility for Proposition 57 parole by barring

10  relief for Edwards and other similarly situated inmates serving Three Strikes sentences

11  for nonviolent offenses." *Edwards*, 237 Cal. Rptr. 3d at 682. The appellate court voided

12  the provisions of section 32 that were inconsistent with its opinion. *See id.* In 2019, the

13  CDCR amended the regulations to extend eligibility for early parole consideration to

14  "state prisoners serving indeterminate sentences for nonviolent third-strike offenses." *See*

15  *Jones*, 9 F.4th — , 2021 WL 3700345 at *2 (citing Cal. Code Regs. tit. 15, § 2449.30

16  (2019)).

17        **C.**     **Vaught's 2019 Parole Denial and State Court Review**

18        After the CDCR regulations were amended in 2019, Petitioner, who is serving an

19  indeterminate prison sentence of 30 years-to-life for the non-violent crime of burglary,

20  became eligible for early parole consideration under Proposition 57. *See* Cal. Code. Regs.

21  t.t 15, § 244.9.30. On December 26, 2019, the BPH found Vaught unsuitable for parole.

22  *See* Pet., ECF No. 1, Ex. A at 17.[1]

23

24  [1] While it is clear Vaught had a BPH hearing in 2019, after which he was denied parole, the

25  Court notes that Respondent has failed to lodge even a partial transcript of the hearing. Indeed, Respondent has failed to lodge *any* primary documents related to Vaught's 2019 hearing and the

26  BPH's ultimate decision. Instead, in a footnote of Respondent's Memorandum of Points and Authorities, Respondent directs the Court to search the CDCR "Inmate locator" website. *See*

27  ECF No. 9-1 at 4, fn. 4. Even if the Court were willing to excuse Respondent's failure to lodge the necessary documents, and instead refer to the CDCR website, the information provided there

28  merely shows the date Vaught's parole was denied. *See* https://inmatelocator.cdcr.ca.gov/

1   Vaught filed a petition for writ of habeas corpus in the Orange County Superior

2   Court on April 27, 2020, challenging the denial of his parole. *Id*; *see also* Resp't

3   Lodgment No. 1, ECF No. 8 at 4. On May 4, 2020, the Orange County Superior Court

4   denied the petition in a reasoned decision. Pet., ECF No. 1, Ex. A at 17–22. Vaught then

5   filed a habeas petition in the California Court of Appeal on June 30, 2020. ECF No. 8,

6   Ex. 3 at 23. The appellate court denied the petition on July 10, 2020. Pet., ECF No. 1, Ex.

7   A at 16. Finally, Vaught filed a petition for writ of habeas corpus in the California

8   Supreme Court on July 16, 2020. *Id.* at 24. In that petition, Vaught raised three claims:

9   (1) the denial of parole by BPH amounted to cruel and unusual punishment, in violation

10  of the Eighth Amendment; (2) the BPH violated due process when it denied him parole

11  and (3) the BPH relied too heavily on the "Comprehensive Risk Assessment" in

12  determining he was unsuitable for parole. *Id.* at 25–26. On September 9, 2020, the

13  California Supreme Court denied Vaught's petition, stating in full: "The petition for

14  review is denied without prejudice to any relief to which petition might be entitled after

15  this court decides *Palmer on Habeas Corpus*, S256149." *Id.* at 15.

16  The state high court issued its decision in *Palmer* on January 28, 2021. *See In re*

17  *Palmer*, 10 Cal. 5th 959 (Cal. 2021). In that case, a prisoner had challenged his sentence

18  as excessive. Palmer argued that after repeated denials of parole, his sentence had

19  become disproportionate under the California Constitution. *Id.* at 967. The California

20  Supreme Court held that in determining whether a sentence is unconstitutionally

21  disproportionate, "regardless of whether challenge to sentence is brought when sentence

22

23  Details.aspx?ID=H56089 (visited Sept. 2, 2021). There is no transcript of the hearing or any

24  record of the BPH's reasons for the denial. These are documents which Respondent *should have
    lodged with the Court*, as directed in this Court's April 6, 2021 Order to Respond. *See* ECF No.

25  5 at 2 (ordering Respondent to "lodge with the Court all records relevant to respondent's

26  contention[s].") Indeed, even if this information were available on the CDCR website, it would
    not be reliable evidence for this Court. *See* Inmate Locator Disclaimer,

27  https://inmatelocator.cdcr.ca.gov/ (visited Sept. 21, 2021) (stating "CDCR makes no
    representation, express or implied, that the information on this site is complete, timely or

28  accurate").

1    is first imposed or after repeated parole denials, the inquiry must focus on whether the

2    punishment is grossly disproportionate to the offense and the offender or, stated another

3    way, whether the punishment is so excessive that it shocks the conscience and offends

4    fundamental notions of human dignity." *Id.* at 972. In analyzing a parole case exclusively

5    under the California Constitution, the court in *Palmer* stated that "when a court assesses

6    the constitutionality of a prison term, it must be mindful of the Legislature's broad

7    discretion over the types and limits of punishment, regardless of whether the sentence

8    being challenged is a specific term fixed by statute or an indeterminate term where the

9    Board [of Parole Hearings] has authority to order release within statutory parameters." *Id.*

10   at 971. The court reiterated, however, that "[i]t remains the judiciary's responsibility to

11   decide whether a prison term has become excessive, and a court properly respects the

12   Legislature's prerogative not by performing some ritualistic deference, but by analyzing

13   the challenged punishment under the traditional, lenient legal standard we set forth in [*In*

14   *re*] *Foss* [(1974)] 10 Cal.3d 910 . . . and *Lynch*, *supra*, 8 Cal.3d 410[.]." *Palmer*, 10 Cal.

15   5th at 971.

16       It appears that after the court issued its opinion in *Palmer*, Vaught attempted to file

17   a renewed petition in the California Supreme Court. *See* Pet., ECF No. 1, Ex. A at 14. On

18   February 8, 2021, however, the California Supreme Court returned the petition to Vaught

19   unfiled, along with a letter stating: "The order denying your petition for writ of habeas

20   corpus on September 9, 2020 . . . was final forthwith and may not be reconsidered. Please

21   rest assured, however, that the petition, and the contentions made therein, were

22   considered by the entire court, and that the denial expresses the decision of the court on

23   this matter." *Id.*

24       On March 5, 2021, Vaught filed the instant federal Petition for Writ of Habeas

25   Corpus pursuant to 28 U.S.C. § 2254, in this Court. *Id.* at 1. On July 2, 2021, Respondent

26   filed a Motion to Dismiss. ECF No. 9. Vaught filed his Opposition on July 22, 2021. ECF

27   No. 10.

28   / / /

3:21-cv-0408-CAB-AGS

1    **III.   DISCUSSION**

2       Vaught raises three claims in his Petition: (1) his due process rights were violated

3 by the Board of Parole Hearings; (2) denial of parole rendered his sentence a violation of

4 the Eighth Amendment; and (3) the denial of parole was a violation of his right to Equal

5 Protection. ECF No. 1 at 6–8. Respondent argues the Petition should be dismissed

6 because "Vaught has neither established federal subject matter jurisdiction nor federal

7 habeas jurisdiction." Resp't Mem. P. & A. Supp. Mot., ECF No. 9-1 at 2. Respondent

8 further contends the petition must be dismissed because Vaught has failed to exhaust

9 state judicial remedies as to any of his claims and his "cruel and unusual punishment

10 claim is not viable under the Antiterrorism and Effective Death Penalty Act of 1996

11 (AEDPA)." *Id.* at 5–7. Finally, Respondent argues Vaught's Eighth Amendment claims

12 should be dismissed because it is not "viable." *Id.* at 7–8. In his Opposition, Vaught

13 argues Respondent's Motion should be denied because the Court has subject matter

14 jurisdiction because his claims are fully exhausted and cognizable on federal habeas. *See*

15 ECF No. 10.

16      **A.   Subject Matter Jurisdiction**

17       In the context of federal habeas claims, a motion to dismiss is construed as arising

18 under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States

19 District Courts which "explicitly allows a district court to dismiss summarily the petition

20 on the merits when no claim for relief is stated." *O'Bremski v. Maass*, 915 F.2d 418, 420

21 (9th Cir. 1990) (quoting *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983)).

22 Accordingly, a respondent is permitted to file a motion to dismiss after the court orders a

23 response, and the court should use Rule 4 standards in reviewing the motion. *See Hillery*

24 *v. Pulley*, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982). Rule 4 specifically provides

25 that a district court may dismiss a petition if it "plainly appears from the face of the

26 petition and any exhibits annexed to it that petitioner is not entitled to relief in the district

27 court . . .." Rule 4 of the Rules Governing Section 2254 Cases. For purposes of clarity,

28 the Court will address Vaught's second claim, based on the Eighth Amendment, first.

### 1.   Eighth Amendment Cruel and Unusual Punishment

Vaught contends he has served "excessive time . . . in violation of federal and state constitutional proscriptions against cruel and unusual punishment." Pet., ECF No. 1 at 7. Vaught argues he "became eligible for early parole consideration in 2002 [after serving six years—the longest term for burglary, absent enhancements] due to Prop. 57 being retroactive. . . Petitioner was taken to [BPH] on December 26, 2019, 3 years after passage of Prop. 57, where I was denied for 3 years even though petitioner's crime was nonviolent and has a primary [sentence] of 6 years." He states he has now been "incarcerated for 25 years on a nonviolent crime with a primary of 6 years." *Id.*

Respondent contends the court lacks subject matter jurisdiction of the claim. The plain language of the habeas statute states that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Here, Vaught claims that after being denied parole, his incarceration (which at the time had been for 23 years and 9 months) was "disproportionate" to his non-violent crime of burglary. *See* Pet., ECF No. 1 at 7. Vaught explicitly states that his claim rests at least in part on the *federal* "constitutional proscription against cruel and unusual punishment." *Id.*

Respondent claims Vaught's Eighth Amendment claim is not based on federal law, but rather "based on the *state's* decision to deny him nonviolent parole under *California* law, and his subsequent, continued incarceration on a validly imposed sentence." Resp't Mem. P. & A. Supp. Mot., ECF No. 9-1 at 3 (emphasis in original). Yet Respondent does not show that Petitioner's Eighth Amendment claim is not cognizable in this habeas action. A claim that a sentence is "disproportionate" to the crime is actionable under the Eighth Amendment. *See, e.g.*, *Ewing v. Davis*, 538 U.S. 11, 20 (2003) (stating the Eighth Amendment contains a "narrow proportionality principle" that "applies to noncapital sentences"). Respondent contends that Vaught failed to "cite any supporting federal authority" for his Eighth Amendment claim and "disguises [the claim] as

1   involving federal issues" when they are actually "grounded in state law." Resp't P. & A.

2   Supp. Mot., ECF No. 9-1 at 3. This ignores the fact that Vaught specifically alleges a

3   "violation of federal . . . constitutional proscriptions against cruel and unusual

4   punishment." Pet, ECF No. 1 at 7. That he also alleges a violation of the California

5   Constitution does not render his federal claim non-cognizable.

6           Lastly, the Respondent's argument that Vaught's Eighth Amendment must be

7   dismissed because it is "not viable under AEDPA," is unpersuasive. As noted above,

8   Petitioner challenges the denial of parole by the California BPH on the grounds that it

9   rendered his sentence so long that it now constitutes cruel and unusual punishment, in

10  violation of the Eighth Amendment, by making his sentence grossly disproportionate to

11  the non-violent crime he committed. *See* Pet., ECF No. 1 at 8. While it is true that

12  "successful challenges to the proportionality of particular sentences should be

13  exceedingly rare," *Ewing*, 538 U.S. at 22 (citing *Hutto v. Davis*, 454 U.S. 370, 374

14  (1982)), "the fact that petitioner may face a high hurdle to succeed on his claim does not

15  mean that he has not stated one." *Drakeford v. Lizaraga*, 2:17-cv-1571 MCE DB, 2018

16  WL 1083888, at *1 (E.D. Cal. Feb. 28, 2018), report and recommendation adopted, 2:17-

17  cv-1571 KJM DB, 2018 WL 1693448 (E.D. Cal. Apr. 6, 2018). Indeed, several district

18  courts have concluded that a claim that the denial of parole rendered a sentence so long

19  that it violated the Eighth Amendment stated a cognizable claim and denied motions to

20  dismiss on that basis. *See id.*; *see also Stephen v. Matteson*, No. 220CV1003KJMKJNP,

21  2020 WL 6316348, at *2 (E.D. Cal. Oct. 28, 2020) (concluding the petitioner's claim that

22  the Board's decision finding him "unsuitable for parole after he had served 31 years,

23  several years beyond his base term of 19 years, rendered his sentence disproportionate in

24  violation of the Eighth Amendment's prohibition against cruel and unusual punishment");

25  *Zaccardi v. Arnold*, No. 2:17-cv-1405 MCE KJN, 2018 WL 2328886 (E.D. Cal. May 23,

26  2018) (denying motion respondent's motion to dismiss petitioner's Eighth Amendment

27  claim based on disproportionate sentence following parole denial); *see also McKissick v.*

28  *Gastelo*, No. 17-cv-2986-SJO-AS, 2017 WL 7049525, at **7–9 (C.D. Cal. Dec. 13,

1    2017) (claim that governor's reversal of Board's decision violated the Eighth

2    Amendment decided on the merits); *Alkebu–Lan v. Hatton*,  No. 16-cv-8378–DDP-KK,

3    2017 WL 2222378 (C.D. Cal. Feb. 16, 2017) (claim that denial of parole amounted to

4    cruel and unusual punishment decided on the merits); *Jones v. Gastelo*, 2016 WL

5    4435098 (C.D. Cal. June 20, 2016) (same). The Court therefore concludes Petitioner has

6    stated a cognizable Eighth Amendment claim under 28 U.S.C. § 2254.

7              ***2.      Due Process***

8              Next, Vaught contends that he was denied Due Process under U.S. Constitution

9    when he was denied parole. Pet., ECF No. 1 at 6. Respondent argues the claim must be

10   dismissed because it "do[es] not invoke federal habeas jurisdiction." Resp't Mem. P. &

11   A. Supp. Mot., ECF No. 9-1 at 4.

12             Respondent first contends the claim is non-cognizable because success would only

13   entitle him to a new parole hearing, not immediate release. Proposition 57 provides that

14   certain nonviolent offenders may be eligible for parole consideration at an accelerated

15   date. The new law does not require a prisoner's release. *See, e.g.*, *Travers v. California*,

16   2018 WL 707546, at *3 (N.D. Cal. Feb. 5, 2018) ("Proposition 57 . . . only makes

17   [petitioner] eligible for parole consideration, and does not command his release from

18   prison."). Federal district courts have held that claims alleging violations of Proposition

19   57 lie outside the core of habeas corpus because success on such claims would not

20   necessarily lead to the petitioner's immediate or speedier release. As one court explained:

21             Proposition 57, if applicable, only makes Petitioner eligible for parole
22   consideration, and does not command his release from prison. He still must
     be found suitable for parole before he may be released from prison. If he
23   prevails on any of his claims, the remedy would be a parole consideration
     hearing rather than an outright release from prison. Under *Nettles*,
24   Petitioner's only potential recourse in federal court is to file a § 1983
     complaint because his claim falls outside the core of habeas corpus.
25

26

27   *Grant v. Sherman*, 2019 WL 4302202, at *3 (E.D. Cal. Sept. 11, 2019); *see also*

28   *Alexander v. Gastelo*, 2019 WL 1104616, at *2 (C.D. Cal. Jan. 29, 2019), report and

1  recommendation adopted, 2019 WL 1099980 (C.D. Cal. Mar. 8, 2019) ("[E]ven if

2  Petitioner is correct that he is entitled to the provisions of Proposition 57 . . . at best,

3  Petitioner would receive a discretionary parole hearing at an earlier date where the parole

4  board could still decline to grant parole. Thus, Petitioner's claims under Proposition 57

5  do not fall within the 'core of habeas corpus.'"); *Blanco v. Asuncion*, 2019 WL 2144452,

6  at *2 (S.D. Cal. May 16, 2019), report and recommendation adopted sub nom. *Blanco v.*

7  *Diaz*, 2019 WL 3562215 (S.D. Cal. Aug. 6, 2019) ("Proposition 57 does not necessarily

8  make petitioner eligible for an earlier release from prison."). These cases are different

9  from Vaught's. Here, Petitioner is not simply challenging the application of Proposition

10  57. Unlike the cases discussed above, in which prisoners argued they were improperly

11  deemed ineligible for an early parole *hearing* under Proposition 57, here, Petitioner was

12  deemed *eligible* for an early parole hearing and is now challenging the result of that

13  hearing. Thus, Vaught challenges the due process afforded him at that hearing—not the

14  failure to find him eligible to *have* an early hearing.

15  　　　Next, Respondent argues the court lacks subject matter jurisdiction over habeas

16  corpus petitions which challenge the denial of parole because success on the claim would

17  not "necessarily spell speedier release." *Id.* at 4 (citing *Wilkinson v. Dotson*, 544 U.S. 74,

18  82 (2005); *Skinner v. Switzer*, 562 U.S. 521, 525 n. 13 (2011)). But the Supreme Court

19  has never held that due process challenges to a parole denial can never be raised on

20  federal habeas. Indeed, the Court simply held that the inquiry is limited to whether the

21  prisoner was given the opportunity to be heard and received a statement of the reasons

22  why parole was denied. *See Swarthout v. Cooke*, 562 U.S. 216, 221 (2011); *Miller v.*

23  *Oregon Bd. of Parole*, 642 F.3d 711, 716 (9th Cir. 2011) (noting that in the context of

24  parole eligibility decisions the due process right entitles a prisoner a fair hearing and a

25  statement of reasons for a parole board's decision).

26  　　　Here, Respondent argues Vaught had "all the process he was due" because Vaught

27  failed to specifically deny in his Petition that he received notice, an opportunity to be

28  heard and the reasons for his parole denial. Resp't Mem. P. & A. Supp. Mot., ECF No. 9-

1 at 3. It is true that in *Swarthout*, the Court was "unequivocal in holding that if an inmate

seeking parole receives an opportunity to be heard, a notification of the reasons as to

denial of parole, and access to their records in advance, that should be the beginning and

the end of the inquiry into whether the inmate received due process." *Pearson v. Muntz*,

639 F.3d 1185, 1191 (9th Cir. 2011). But here, Respondent has failed to provide evidence

to support their contention. As discussed above, Respondent has not lodged the transcript

of the BPH proceedings, a copy of the BPH decision or even partial documentary

evidence that shows Vaught was provided an opportunity to be heard and the reasons for

the denial. The Court is not inclined to rule on Respondent's claim without the relevant

portion of the state court record. Therefore, the Court finds it has subject-matter

jurisdiction over Vaught's Due Process claim.

### 3.    *Equal Protection*

Finally, Vaught claims his Equal Protection rights were violated by his denial of

parole because inmates with indeterminate terms are treated differently under Proposition

57 than those who received determinate terms. Pet., ECF No. 1 at 8. Respondent argues

Petitioner's Equal Protection claim must be dismissed because it is not a federal claim.

Resp't Mem. P. & A. Supp. Mot., ECF No. 9-1 at 3. Specifically, Respondent contends

Vaught's Equal Protection claim is "based on *California's* processes for reviewing

indeterminately and determinately sentenced inmates for nonviolent parole review—a

*state* created parole scheme." *Id.*

Respondent's argument without merit. Vaught alleges his Equal Protection rights

were violated because, as an inmate sentenced to an indeterminate life term, the

procedure for parole hearings is different for him than the procedure for inmates

sentenced to determinate terms, despite both classes being eligible for hearings under

Proposition 57. The Equal Protection Clause is enshrined in the Fourteenth Amendment

of the United States Constitution and "commands that no State shall 'deny to any person

within its jurisdiction the equal protection of the laws,' which is essentially a direction

that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne*

1    *Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216,

2    (1982)). An Equal Protection claim may be brought by a "class of one" when a habeas

3    petitioner alleges he has been treated differently from others similarly situated and there

4    is no rational bases for the difference in treatment. *SeaRiver Maritime Financial*

5    *Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). Whatever the merits of

6    Vaught's claim, it is unquestionably cognizable on federal habeas. *See* 28 U.S.C. § 2254

7    (stating district courts have jurisdiction under § 2254 when a petitioner is in custody

8    pursuant to a state court judgment and the petition alleges his custody is in violation of

9    the laws of the U.S. United States Constitution or treaties).

10                   *4.      Conclusion*

11          Based on the foregoing, the Court finds Vaught has stated cognizable Eighth

12    Amendment, Due Process and Equal Protection claims under 28 U.S.C. § 2254.

13    Respondent's Motion to Dismiss for lack of subject-matter jurisdiction is **DENIED**.

14          **B.      Exhaustion**

15          Next, Respondent argues the Petition must be dismissed because Vaught has failed

16    to exhaust his state judicial remedies as to each claim. Resp't Mem. P. & A. Supp.

17    Motion, ECF No. 9-1 at 5–7. It is well-established that a habeas petitioner must first

18    exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S.

19    129, 133–34 (1987); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982); *McNeeley v. Arave*,

20    842 F.2d 230, 231 (9th Cir. 1988). To do so, a petitioner must present the California

21    Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or

22    her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34.

23          "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly

24    present' his claim in each appropriate state court (including a state supreme court with

25    powers of discretionary review), thereby alerting that court to the federal nature of the

26    claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364,

27    365–66 (1995)); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner may

28    indicate a federal claim by citing a "federal source of law on which he relies or a case

1   deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"
2   *Baldwin*, 541 U.S. at 32.

3         **1.     *Due Process***

4         Vaught raised his federal due process claim in the California Supreme Court. *See*
5   Pet., ECF No. 1 at 26. He stated clearly in his petition to the high state court that his due
6   process claim rested on "the California Constitution along with the U.S. Constitution." *Id.*
7   at 26, 27. Respondent contends that this was insufficient because Vaught's claim "rests
8   entirely on state law." Resp't Mem. P. & A. Supp. Motion, ECF No. 9-1 at 6. This is
9   simply not the case.[2] Vaught's claim is based on both the state and federal constitutions.
10  This is sufficient to have "fairly presented" the federal aspect of the claim to the
11  California Supreme Court. *See Baldwin*, 541 U.S. at 32 (finding a petitioner may indicate
12  a federal claim by "simply labeling [it] 'federal'").

13        **2.     *Cruel and Unusual Punishment***

14        Respondent's argument that Vaught's Eighth Amendment claim is unexhausted is
15  similarly unpersuasive. In his petition filed in the California Supreme Court, Vaught
16  argued that after being denied parole in 2019, his resulting sentence amounted to cruel
17  and unusual punishment under the "California Constitution along with the U.S.
18  Constitution." Pet, ECF No. 1, Ex. A at 26. That he also raised a similar claim based on
19  the California Constitution does not render his federal claim unexhausted. *See Baldwin*,
20  541 U.S. at 32.
21  / / /

22

23  ----

24  [2] The Court notes that Respondent failed to lodge a copy of Vaught's petition for writ of habeas
    corpus filed with the California Supreme Court. While Petitioner attached a copy of the petition,
    this Court's Order to Respond directed Respondent to "lodge with the Court all records relevant
25  to respondent's contention[s]" *See* Order Setting Briefing Sched., ECF No. 5 at 2–3. Even as to
    the petitions Respondent *did* lodge (one petition filed in the trial court and the other filed in the
26  appellate court) Respondent elected to exclude the attached exhibits—instead informing the
27  Court they would "provide the exhibits on request." Resp't Mem. P. & A. Supp. Mot., ECF No.
    9-1 at 6 fn. 4. As noted above, the Court ordered all relevant documents to be lodged with the
28  Court along with Respondent's pleading, not upon later request.

1    Respondent contends that the claim is unexhausted because the California Supreme

2    Court ultimately denied Vaught's habeas petition "without prejudice to any relief to

3    which petitioner might be entitled after this court decides *Palmer on Habeas Corpus*,

4    S256149." *See* Pet., ECF No. 1, Ex A at 15. Respondent argues Vaught had an

5    opportunity to re-file his Eighth Amendment claim after the Supreme Court's decision in

6    *Palmer* but failed to do so, rendering his claim unexhausted. Resp't Mem. P. & A. Supp.

7    Mot., ECF No. 9-1 at 6–7. But the issue in *Palmer* was based entirely on the California

8    Constitution. *See Palmer*, 10 Cal. 5th at 968 fn.2 ("We analyze Palmer's claims

9    exclusively under the California Constitution.")[3] Thus, the invitation to return to

10   California Supreme Court after the decision *Palmer* does not appear to apply to Vaught's

11   federal Eighth Amendment claim.

12    In addition, on February 8, 2021, Vaught *did* attempt to file a renewed petition

13   with the California Supreme Court after it issued its decision in *Palmer*, but the petition

14   was returned unfiled, along with a letter from the court stating: "The order denying your

15   petition for writ of habeas corpus on September 9, 2020 . . . was final forthwith and may

16   not be reconsidered. Please rest assured, however, that the petition, and the contentions

17   made therein, were considered by the entire court, and that the denial expresses the

18   decision of the court on this matter." Pet., ECF No. 1, Ex. A at 14. While it is unclear

19   why the California Supreme Court rejected Vaught's petition for filing when it had

20   explicitly given him leave to do so after *Palmer* was decided, it is irrelevant to this

21   Court's inquiry because as noted above, *Palmer* was predicated entirely on state law.

22   Vaught's federal Eighth Amendment claim was exhausted when he presented it to the

23   _____

24   [3] The issue in *Palmer* was whether, under the California Constitution, "inmates may challenge
     their continued incarceration as constitutionally excessive when the Board repeatedly denies
25   parole, and what remedy is available when continued incarceration becomes constitutionally
     excessive." *Palmer*, 10 Cal. 5th at 957. Ultimately the court held that under Article I, section 17
26   of the California Constitution, "a life-top inmate whose imprisonment has become excessive —
     but who has been denied parole by the Board — must be able to obtain relief in court by filing a
27   petition for writ of habeas corpus. . . And [i]f a court then finds the inmate's continued
     confinement has become excessive, it may order the inmate's release from prison." *Id.* at 980.
28

1  California Supreme Court on July 16, 2020 and it was subsequently denied on September

2  9, 2020. *See Baldwin*, 541 U.S. at 32.

3  ### 3.    *Equal Protection Claim*

4  Finally, Respondent argues that Petitioner's Equal Protection claim is unexhausted.

5  Resp't Mem. P. & A. Supp. Mot., ECF No. 9-1 at 6. In his federal Petition, Vaught

6  argues his right to equal protection under the U.S. Constitution was violated because

7  CDCR regulations treat inmates with indeterminate life sentences seeking early parole

8  under Proposition 57 differently from those with determinate sentences. Pet., ECF No. 1

9  at 8. Respondent argues Vaught failed to raise the claim in the California Supreme Court.

10  Resp't Mem. P. & A. Supp. Mot., ECF No. 9-1 at 6. In this instance, Respondent is

11  correct. Based on the record before this Court it appears Vaught failed to raise his federal

12  equal protection claim in his petition for habeas corpus filed in the highest state court. *See*

13  Pet., ECF No. 1, Ex. B.

14  When a there are no longer state remedies available to a petitioner, the petitioner

15  meets the "technical requirement for exhaustion" Casey v. Moore, 386 F.3d 896, 920 (9th

16  Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). Specifically, when a

17  state prisoner fails to exhaust his federal claims in state court and the state court would

18  now find the claims procedurally barred under applicable state rules, the federal claims

19  are deemed "technically exhausted." *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir.

20  2007 (citing *Woodford v. Ngo*, 548 U.S. 81, 92–93 (2006)); *see also Cooper v. Neven*,

21  641 F.3d 322, 327 (9th Cir. 2011). Here, while Vaught failed to present his Equal

22  Protection claim to the state high court, if he attempted to present the claim at this stage–

23  –nearly two years after he was denied parole—his petition would likely be barred by

24  California's procedural rules barring untimely and successive petitions for writ of habeas

25  corpus. *See In re Robbins*, 959 P.2d 311, 340 n.34 (Cal. 1998)). Under California law,

26  habeas petitions filed in non-capital cases must be filed "as promptly as the

27  circumstances allow." *See In re Douglas*, 200 Cal. App. 4th 236, 242 (Ct. App. 2011).

28  Moreover, the California Supreme Court has held that "presentation of claims in a

1   'piecemeal [manner] by successive proceedings' [are] an abuse of the writ process." *See*

2   *In re Friend*, 11 Cal. 5th 720, 727–28 (2021) (citing *In re Horowitz*, 33 Cal. 2d 534, 547

3   (Cal. 1949). Thus, Vaught could have, but did not, include his federal Equal Protection

4   claim in his petition to the California Supreme Court. If he attempted to do so now,

5   however, the petition would almost certainly be subject to at least two procedural bars,

6   and therefore the claim is "technically exhausted." *See Smith*, 510 F.3d at 1139.

7        Based on the foregoing, the Court declines to find the claim unexhausted. While

8   the claim is not dismissed as exhausted, Respondent is free to raise any other procedural

9   defenses they see fit in their Answer. *See King v. LaMarque*, 464 F.3d 963, 965 (9th Cir.

10  2006) ("Federal courts will not generally review a question of federal law decided by a

11  state court if its decision rests on a state law ground that is independent of the federal

12  question and adequate to support the judgment."); *see also Souliotes v. Hedgpeth,* No.

13  1:06-CV-00667 AWI, 2012 WL 3205433, at *3 (E.D. Cal. 2012) (noting "recent

14  Supreme Court authority requires this Court to consider claims that were not exhausted

15  and no longer capable of review in state court as technically exhausted and subject to the

16  doctrine of procedural default").

17          **4.      Conclusion**

18        In sum, the Court finds Vaught has exhausted his Eighth Amendment and Due

19  Process claims by raising them in his petition for writ of habeas corpus to the California

20  Supreme Court. Moreover, the Court concludes Vaught's Equal Protection claim is

21  technically exhausted because if he were to raise it in the state court now, it would likely

22  be procedurally barred under state law.[4] *See King*, 464 F.3d at 965.

23

24

----

25  [4] The Ninth Circuit has stated that the procedural default issue may be considered in conjunction
    with a merits review. *See Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) ("Procedural

26  bar issues are not infrequently more complex than the merits issues presented by the appeal, so it
    may well make sense in some instances to proceed to the merits if the result will be the same.");

27  *see also Newsom v Yates*, No. 10cv746 WQH-BGS, 2011 WL 1004705, at *3 ("[R]eserving
    decision on Respondent's procedural default contentions until after Respondent answers the

28  petition.")

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**V.      CONCLUSION AND ORDER**

For the reasons discussed above, the Court **DENIES** Respondent's Motion to Dismiss (ECF No. 9).

**IT IS SO ORDERED.**

Dated:  September 24, 2021

_____

Hon. Cathy Ann Bencivengo
United States District Judge

17

3:21-cv-0408-CAB-AGS